Carr, J.
At common law, we know, choses in action were not assignable; nor could courts of law formerly take any notice of the equitable where it was distinct from the legal right. Courts of equity, however, held those assignments good, and enforced them; and, in later times, courts *441 of law have so far relaxed, as, in some instances, to notice the equitable right. Thus, they-will not suffer the assignor, whose name is used by the assignee in suing, to dismiss or in any way control the suit. Again, if the real owner of the debt, though not plaintiff on the record, be indebted to the defendant, the court will allow the defendant to set-off this debt against that for which he is sued. Thus the law stands in England, where there is no law permitting the assignment of dioses in action. But the courts of law have never gone so far as to suffer the assignee to institute a suit in his own name. (I am not speaking of bills of exchange assignable by the law merchant, or of promissory notes made so by the statute of Anne, but of mere dioses in action as contradistinguished from commercial paper.) Our statute declares “ assignments of bonds, bills and promissory notes, and other writings obligatory whatsoever, valid, and that the assignee may sue in his own name” &c. 1 Rev. Code, ch. 125. § 5. p. 484. It will be seen at once, that judgments and executions are not embraced by this statute: they, therefore, remain as at common law. And it may be laid down, as a general proposition, that in no proceeding to carry a judgment or execution into effect, can the name of the transferree he substituted for that of the plaintiff upon the record. But this proposition, deduced from the general principles of law, is still more clearly and strongly established by the particular statute under which this motion is made j by the words of which, the motion is given to the creditor at whose suit the execution shall issue. This, it seems to me, can mean no other than the plaintiff on the record. I think, therefore, this motion could not be maintained in the name of Elwes.
This point being sufficient for the reversal of the judgment, it is not necessary to give an opinion on the other points discussed at the bar.
The other judges concurred, and the judgment was reversed.