Tucker, P.
In this case we are of opinion that there was no error in the opinion of the court instructing the jury that the action was not maintainable by the *607 plaintiff upon the case made by him, he being only a cestui que trust, but was only maintainable in a court of law by the plaintiff’s trustee. Though an action has in many cases been entertained at law by a cestui que trust against his trustee, where the trust is no longer continuing, but is functus officio, and a balance is in the trustee’s hands, yet we know no case in which an action has been maintained by a cestui que trust against a third person, who has either wrongfully converted the property of the trust to his own use, or has received the trust funds without paying them over. Apart from the technical objection that he only can maintain an action at law, who has the legal title, there is the vital objection that the trustee is bound to execute the trust in all regards, and in doing so the rights of other cestuis que trust may be involved, who are not and cannot be made parties to the suit. Thus in the case before us, an essential point in the plaintiff’s case is the indebtedness of Imboden to him. But how is this matter to be tried, when Imboden is no party ? This shows the propriety of confining the cestui que trust to a court of equity, (when that jurisdiction is proper for him) where all persons interested may be made parties, and of requiring the action to be brought by the trustee, when the remedy is only at law.
The cases of Garlands v. Jacobs &c. 2 Leigh 651. Tolson v. Elwes, 1 Leigh 436, and Burnett et al. v. Harwell et al. 3 Leigh 89, apply strongly to this case.
Waiving a consideration of the instructions respecting the statute of limitations, we are of opinion to affirm the judgment on the other point, which goes to the foundation of the action.
Judgment affirmed.