Mr. Justice Tbottee
delivered the opinion of the court.
The record presents two questions for the examination of this court. 1st. Whether the court erred in rejecting the testimony of the witnesses, Lane and Wade. 2. And secondly, whether the facts found in the special verdict are sufficient to discharge Cotton’s liability as endorser.
The witness, Lane, was offered to prove that the name of Cotton was placed upon the note as endorser without any lawful authority. By pleading in chief to the merits, Cotton was precluded from denying the character in which he was sued. The thirty-second section of the act in relation to pleadings and practice, How. & Hutch. Dig. p. 595, provides, “ that all pleas to the action shall be deemed and adjudged as admitting the parties, and the character of the parties suing, and in no case shall the plaintiff be required to prove any written signature, identity of persons, description of character, or the persons comprised in any partnership which may be set forth in their respective bills, declarations, *634 writs or pleadings, either as plaintiffs, or the parties through whom the plaintiff or plaintiffs may claim, unless the signature, person, partnership or description of character be denied by plea, and its truth attested on oath.” The pleas in this case being to the action, this statute, is considered as affording a full and satisfactory answer to the objection raised against excluding the evidence of this witness. Wade was equally incompetent. Being the maker of the note, and a joint defendant to the action, he could not be called as a witness to prove any fact which would exonerate himself And such was most clearly the effect of the proof he was called on to make. If the bill of exchange which he delivered to the plaintiffs was taken in payment of the note, he was as certainly discharged as Cotton, the endorser. He was therefore directly interested in the verdict. This being the state of the case, we are not required to decide how far a party to a negotiable security can be permitted to repudiate it by his testimony. That question in one shape has proved a source of much embarrassment to courts of justice, and they have decided it in different ways at different times, and in different countries. But with these decisions, we are not necessarily concerned in the case at bar, and shall therefore offer no observations upon them. They do not apply to the -present question.
The remaining question for our determination is, whether the facts found by the jury in the special verdict, entitle Cotton, the endorser, to a discharge from his contract. We think they do not. The defence which is set up under this proof is two-fold: 1. That, by the agreement with Wade at the time of taking the bill on Grenot & Page, by the plaintiff, enlarged the time of payment of the original debt, which discharged the sureties. 2. And secondly, that the bill was so taken as fresh security and in payment of the note. The doctrine which embraces the first ground of the defence was very fully examined by this court at a former term, in the case of Newell & Pierce v. Hamer et al. And after a very careful review of the cases, we came to the conclusion, that to admit a defence of this character it was necessary that there should be a positive and binding agreement to indulge the debtor^ based upon a valuable consideration, sufficient to tie up and restrain the creditor during the period of the new *635 credit.' This is held to be the true rule, we believe, both in England and in this country. 3 Mer. R. 272; 10 J. R. 591; 2 Ves. jr. 540; 1 Leigh, 436; 4 Leigh, 626. In this case the verdict finds no agreement to indulge the debtor. The only stipulation which looks that way is the promise contained in the receipt for the bill, to apply its proceeds, when collected, to the credit of the note. This has been insisted to be an implied promise to indulge the makers of the note until the maturity of the bill. But we think that this inference is entirely answered by the other facts in the verdict, for 'it is found also by the jury that this bill was taken as collateral security merely, which shows that the agreement to apply its proceeds to the payment of the note was not understood by the parties as giving the debtor any claim to indulgence.
On the second ground, it might be sufficient perhaps to remark that the verdict expressly negatives the fact insisted on, that the bill was taken in payment of the note. This verdict puts the case therefore entirely beyond the influence of the rule relied upon by the counsel for Cotton. The rule as to negotiable instruments appears to be, that if they are taken in payment of a pre-existing debt, they operate as a discharge of that debt, unless the party who holds the instrument does all that the law requires of him to obtain payment. 6 Barn. & Creswell, 373.
The case in 3 Cranch, 311, which was much relied on by the plaintiff in error, does not apply to the present question, since that as well as the case in 6 Barn. & Creswell, was where the note was taken in payment. The decision in Harris v. Johnson, 3 Craneh, went upon the ground that the note was taken in payment, and was subsequently passed away by endorsement, which act of itself implied a valuable and full consideration, and that to permit a suit after that upon the original consideration, was to allow the plaintiff a double satisfaction. This last case was decided on the principle of the case of Kearslake v. Morgan, 5 Tenn. Rep. 513. That these cases do not establish any doctrine repugnant to the rights of Staunton, Buckner & Co. in this action, appears evident not only from the difference in the circumstances attending them, but likewise more evidently from the determination of the court in the case of Clark v. Young, 1 Cranch, 181. *636 There the note was taken as conditional payment, and it was held not to bar a suit on the original contract, and moreover that it was not necessary to enable the plaintiffs to recover to show an offer to return the note.
The case of Pring v. Clarkson, 1 Barn, and Cress. 14, is however an authority in point; for it was there held, that the taking a collateral security is not giving time to the acceptor, for the creditor is not thereby prevented from suing upon the original contract. These views are also fully sustained by Judge Story in the case of Wallace v. Agry et al. 4 Mason’s C. C. Rep. 336.
We are therefore of opinion that the judgment ought to be affirmed.