# CHARLESTON.

## ISRAEL v. JONES.

Submitted June 6, 1924.   Decided September 16, 1924.

CONTRACTS—*Right of Action on Contract With Several Persons Jointly Passes on Death of Each to Survivor or Survivors.*

The right of action on a contract made with several persons jointly passes on the death of each to the survivor or survivors, and not to the personal representatives of the deceased co-obligee or co-obligees.

(Contracts, 13 C. J. § 563).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Case certified from Circuit Court, Pleasants County.

Action by W. S. Israel, administrator, etc., against W. P. Jones. Defendant's demurrer to the common counts of the declaration was overruled, and the question certified.

*Affirmed.*

*G. D. Smith* and *C. P. Craig,* for plaintiff.

*Ross Wells* and *S. A. Powell,* for defendant.

MILLER, JUDGE:

The facts alleged in the declaration in this case are practically the same as those alleged in the case of Lamp and others vs. W. P. Jones, reported in 119 S. E. at page 676. In the former case, Lamp and others, the children and heirs at law of J. L. Israel, deceased, brought a suit in assumpsit against W. P. Jones, the defendant here, on the same cause of action relied on in this case. The present declaration was filed by W. S. Israel, as administrator of the estate of J. L. Israel, deceased.

The facts alleged are substantially as follows: On October 24, 1907, J. L. Israel and Margaret L. Israel, his wife, conveyed to A. N. Riggs a tract of 68 acres of land, "reserving therefrom one-sixteenth royalty in all minerals produced from the said farm for a period of fifteen (15) years from

this date.'' By deed dated the same day, and in consideration that the grantee therein assume the payment of the purchase money named as a consideration in the deed from Israel and wife to Riggs, the said Riggs conveyed the same parcel of land to the defendant W. P. Jones, ''reserving therefrom one-sixteenth royalty in all minerals produced from the said farm for a period of 15 years from this date, second party to use due diligence to have land tested for oil, the aforesaid reservation of mineral rights being made to cover the reservation made by J. L. Israel and Margaret Israel, his wife, in the deed made to them by A. N. Riggs, bearing date of October 24, 1907.

The declaration contains two common counts in assumpsit, and two special counts. The lower court overruled defendant's demurrer to the common counts and sustained his demurrer to the special counts.

The special counts charge that defendant W. P. Jones, disregarding his covenant in the deed to him from Riggs, to ''use due diligence to have land tested for oil,'' failed and refused to have such test made, or to drill for oil or gas on said land, but that, on the contrary, he conspired with others to drain the gas from under the Israel tract by organizing a company and drilling a well on an adjoining farm owned by his mother, within five feet of the tract conveyed to him by Riggs, from which he produced large quantities of gas from the Israel tract, to the damage of the estate represented by plaintiff,

Upon the certification of the case of Lamp and others vs. Jones, this court held that the reservation for a period of 15 years, created an estate for years in the one-sixteenth of the minerals reserved, which estate was a chattel real, and which upon the death of the grantor passed to his personal representative, and not to the heirs; and that the heirs could not bring an action in assumpsit in relation thereto.

The present declaration was filed in the name of the administrator of the estate of J. L. Israel, deceased. On demurrer, defendant contends that the reservation in the deed from Israel and wife to Riggs created in the said Israel and Margaret Israel a joint estate; that any action

in relation thereto in the lifetime of both would have to be maintained by them jointly; and that in the case of the death of one joint tenant, right of action would pass to the survivor, and not to the personal representative of the deceased joint tenant. And this is the only question certified to us, or argued in the briefs of counsel.

The declaration now before us alleges that "J. L. Israel, plaintiff's, intestate, in his lifetime, and Margaret Israel, his wife, were seized and possessed in fee simple, of a tract of 68 acres of land," and that they conveyed the same to one A. M. Riggs, reserving therefrom the one-sixteenth royalty in all minerals produced from said farm for the period of fifteen years from this date; * * * in and by which reservation, the said J. L. Israel and wife, reserved the one-sixteenth of all oil, gas and mineral rights," etc. This is a direct allegation that Margaret Israel was joint owner with her husband in the land conveyed to Riggs, and that *they* reserved from the conveyance the one-sixteenth royalty in the minerals. If Margaret Israel was in fact joint owner in the tract, she would have, by the terms of the deed as alleged, the same right as her husband in the reservation, and, during his lifetime, held with him jointly the estate or interest so reserved. There can be no doubt about this proposition. This being true, the rule applied in *Henning v. Farnsworth*, 41 W. Va. 548, *Rowe* v. *Shenandoah Pulp Co.*, 42 W. Va. 551, and *Pollock* v. *House & Hermann*, 84 W. Va. 421, must control in the determination of the question presented. In those cases it was held that the right of action on a contract made with several persons jointly passes on the death of each to the survivor or survivors, and on the death of the last to his representatives, but not to the personal representative of a deceased co-obligee, while one of the co-obligees survives. In the Pollock case it is said: "Though extremely technical, the rule as to survivorship as applied to cases of this kind is so thoroughly imbedded in the procedural laws of the Virginias as not to warrant departure therefrom." See, also, Dicey on Parties to an Action, p. 149, Rule 16; Kittle on the Modern Law of Assumpsit, 82.

In the three cases above cited, the question under consid-

eration is so thoroughly discussed, and the numerous authorities and decisions so well reviewed, that we do not think it necessary to make further comment here.

The ruling of the lower court will be sustained.

*Affirmed.*