# CHARLESTON.

HARRY SHAW *et al.* v. MONONGAHELA RAILWAY COMPANY.

(No. C. C. 364)

Submitted October 28, 1925. Decided November 10, 1925.

1. ACTION—LIFE ESTATES—REMAINDER—*If Tort Upon Realty Affects Estates of Life Tenant and Remainderman, Each May Sue Separately, But They Cannot Join.*

When a tort upon realty affects both the estate of a life tenant and that of a remainderman, each may sue separately, but they cannot unite in an action to recover damages for the injury. (p. 370.)

(Actions, 1 C. J. § 259; Estates, 21 C. J. §§ 127, 175.)

2.  ABATEMENT AND REVIVAL—*On Death of One Cotenant, Cause of Action for Trespass Survives to Remaining Cotenants.*

    When a trespass has been committed on the realty of cotenants, and thereafter one cotenant dies before suit is brought, the cause of action survives to the remaining cotenants.   (p. 372.)

    (Abatement and Revival, 1 C. J. § 268.)

3.  SAME—*Personal Representative of Deceased Cotenant Not Proper Party to Action for Damages to Land.*

    In such an action the personal representative of the deceased cotenant is not a proper party.   (p. 373.)

    (Abatement and Revival, 1 C. J. § 469.)

4.  TENANCY IN COMMON—*Assignment, by Cotenant, of Right of Action for Trespass to Land, Held Not to Entitle Assignee to Join With Other Cotenants.*

    The assignment by a cotenant of his right of action in such suit, does not entitle the assignee to join with the other cotenants.   (p. 373.)

    (Tenancy in Common, 38 Cyc. p. 121.)

    (NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Case certified from Circuit Court, Marion County.

Trespass on the case by Harry Shaw and others against the Monongahela Railway Company.  After sustaining a demurrer to an amended declaration, the court certified the question of the sufficiency of such declaration.

*Ruling affirmed.*

*Victor H. Shaw* and *Harry Shaw*, for plaintiffs.
*Rollo J. Conley*, for defendant.

HATCHER, JUDGE:

This is an action of trespass on the case brought in the circuit court of Marion County in 1919 for damages to a vacant lot in the city of Fairmont.  A demurrer to the amended declaration was sustained by the lower court in Jan. 1925. The court then certified here the question of the sufficiency of the amended declaration.

The case as pleaded is as follows. In 1914 the lot in question was owned jointly by Harry Shaw,. E. C. Martin, Lora M. Robinson, Lizzie M. Robinson, and Lucy O. Powell. In 1915˙ the defendant built a bridge along a street in front of, and across another street near, the lot. The bridge was so constructed that it shut off the light and obstructed the view from the lot, and also ''acts and same is a sort of sounding board, and by reason whereof the noise of the engines, cars and trains operated and passing over the same, and teams, wagons and vehicles passing under the same of said streets renders it practically impossible to carry on, or to hear an ordinary conversation at any place on plaintiff's premises while trains, engines and ˙cars are being operated over said bridge and railroad and while vehicular traffic is passing thereunder, thereby rendering said premises unsuitable for business or for dwelling, or for business sites or home sites and thereby greatly injuring and damaging said premises.'' Lucy O. Powell sold her undivided interest in the lot in 1916, together with her right to damages by reason of the alleged trespass, to. C. D. Robinson. Since the institution of this suit, in 1921, E. C. Martin has also sold his undivided interest and right of damages for the trespass on the lot to C. D. Robinson. Lizzie Robinson died in 1918, leaving to survive her C. D. Robinson, her husband, and A. F. Robinson, R. M. Robinson and Helen R. Robinson Stoetzer, her only children and heirs at law.

The plaintiffs in the amended declaration are Harry Shaw, E. C. Martin, Lora M. Robinson, C. D. Robinson (husband of Lizzie Robinson) and A. F. Robinson, Robt. M. Robinson and Helen R. Robinson Stoetzer (children of Lizzie Robinson.)

The demurrer to the declaration was sustained on the theory˙ of misjoinder of parties as plaintiffs. Our attention is directed to the fact that C. D. Robinson holds a life estate in the interest of his deceased wife in the lot, and that her children are remainder-men. *Jordan* v. *City of Benwood,* 42 W. Va. 312, and *Yeager* v. *Town of Fairmont,* 43 W. Va. 259, are relied upon by demurrant. In the Jordan case Judge BRANNON shows very clearly that the interests of the tenant

and the remainder-men respectively, in damages for a trespass, are entirely separate.

> "If these be a tenant for years or life in actual possession, he can sue for any trespass affecting his immediate residential interests; and the reversioner or remainder-men, if the act does a permanent injury to the inheritance, may sue as to that; but they are separate claims. The particular tenant recovers for damage only to present enjoyment, covering his entire term, and the remainder-man or reversioner only for damage to the remainder or reversion. Suth. Dam. 1033; Sedg. Meas. Dam. par. 74; 1 Add. Torts. 407-9; *Dry Dock Co.* v. *Armstrong,* 17 Fed. 216.

*Jordan* v. *Benwood, supra.*

In the Yeager case, a tenant and a remainder-man sought jointly to recover damages for injury to a lot. A demurrer to the declaration was sustained. The ruling was based on the Jordan case, and held that the claims of the tenant and remainder-man could not be prosecuted jointly.

*Curry* v. *Ry. Co.,* 87 W. Va. 548, contains a dictum which is not in accord with the Jordan and the Yeager cases. We find a like departure from those decisions in *McIntire* v. *Coal Co.* 118 Pa. St. 108. The argument of the dictum in the Curry case is plausible, and I would be impressed by it if the proposition were a new one. But it is in conflict with one of the cardinal rules of pleading relative to actions *ex delicto* which has come to us from the Common Law and the soundness of which is, according to Hogg, "self-evident". "Where two or more persons have a separate interest and sustain a separate damage, they must sue separately and cannot join even though their several injuries were caused by the same act." 15 Ency. Pl. and Pr. 541. *Accord:* Hogg's Pl. and Forms, 36 A. (y); Chitty on Pl. 96 (16 Am. Ed.). As pointed out by Judge BRANNON in the Jordan case, the injury to a tenant is one that affects his enjoyment of the tenancy, and is not necessarily permanent. The injury for which a remainder-man may recover is permanent and is one which

lessens the market value of the property. Neither the tenant nor the remainder-man has any claim to the damages which the other may recover. Their interests are several and their damages distinct. Therefore under the established rule of pleading which this court should not disregard, the life tenant and the remainder-men may not sue jointly for the injury alleged herein. "Joint owners of property whether it be real or personal must generally join in actions for damages for a trespass thereon. But in an action by a person in and entitled to possession, the reversioner or remainder-men should not be joined." 24 Standard Ency. Pro. 941-2. *Little Rock etc. Co.* v. *Dyer*, 35 Ark. 360. In this action, however, neither the life tenant nor the remainder-men can join with the other plaintiffs. The trespass for which redress is sought occurred before the death of Lizzie Robinson. Under the Common Law, when one co-tenant died, after a cause of action had accrued, the cause survived to the remaining co-tenants. See Freeman on Co-Tenancy and Partition, pars. 362 and 363. In par. 364 Mr. Freeman summarizes as follows:

> "In the two preceeding sections, we have considered the effect of the death of one co-tenant after the accrueing of a joint cause of action and *before* the commencement of a suit thereon; and have found the rule to be universal that all joint causes of action survive to the last survivor, irrespective of the nature of the cotenancy,—"

> Accord: Dicey on Parties to Actions Rule 82, par. 402; Shipman's Com. Law Pl. point 2, p. 138.

> "Though extremely technical, the rule as to survivorship as applied to cases of this kind is so thoroughly embedded in the proceedural laws of the Virginias, as not to warrant departure therefrom".
> *Pollock* v. *Herman*, 84 W. Va. 427.

This rule is not changed by Sec. 2 of Ch. 127 of the Code. That section has been held to apply only in case of a sole

plaintiff or defendant. *Henning* v. *Farnsworth,* 41 W. Va. 548.

The right to sue for a trespass to real property, passes by statute to a personal representative. Demurrant contends that the personal representative of Lizzie Robinson should therefore be made a party to this action. But since the ownership of the lot was a cotenancy, her personal representative can not be joined as a party plaintiff with the survivors. *Rowe* v. *Pulp Co.,* 42 W. Va. 551; *Israel* v. *Jones,* 97 W. Va. 173, Chitty on Pl. 100.

The demurrant also challenges the right of C. D. Robinson to sue in his own name as the assignee of Lucy Powell and E. C. Martin. In *Tolsom* v. *Elwes,* 1 Leigh 436, the history of the procedure in regard to the assignment of rights of action is thus briefly traced. "At Common Law, we know, *choses in action* were not assignable nor could courts of law formerly take any notice of the equitable, where it was distinct from the legal rights. Courts of equity, however, held those assignments good and enforced them, and in later time courts of law have so far relaxed as in some instances to notice the equitable right. * * * But the courts of law have never gone so far as to suffer the assignee to institute a suit in his own name." Carr, Judge, who wrote this opinion explained that he was not speaking of commercial paper made assignable by the statute of Anne. This statute is practically the same as Sec. 14, Ch. 99 of our Code, which authorizes the assignment of "bond, note, account, or writing not negotiable." During the century which has elapsed since the decision in *Tolsom* v. *Elwes,* we find little change in the procedure by which an assignee may recover in an action *ex delicto.* The rule has been the subject of criticism, but it has been closely followed by the majority of courts: 5 C. J. 986, par. 189 and note 11, page 987. In *Clark* v. *Hogeman* 13 W. Va. 718, and in *Bently* v. *Standard Fire Ins. Co.,* 40 W. Va. 729, this court adhered strictly to the Common Law, and held that the assignment of a *chose in action* vested in the assignee only the equitable title, the legal title remaining in the assignor. In the opinion in the Bently case, Judge BRANNON terms this an "unreason-

able rule", but admits that it is "firmly settled". The courts that follow the Common Law practice have proceeded on the theory that the assignor held the legal title as a kind of trustee for the assignee, and therefore if the assignor failed to act for the assignee, the assignee had the right to use the name of the assignor as plaintiff in an action to recover. This view as stated in 3 Standard Ency. of Pro. 89, par. 2, is:

> "In following the rule of equity and making assignments effective, courts of law do not consider the chose itself as capable of assignment. The legal title is regarded as still remaining in the assignor; the assignment, however, is treated as in the nature of a declaration of a trust by the assignor for the benefit of the assignee, and confers upon the assignee an authority to bring an action at law in the name of the assignor, the holder of the legal title, and reduce the chose to possession."

> *Accord:*  2 R. C. L. 638 par. 48; 5 C. J. 981 pars. 176 and 177; 17 Am. and Eng. Ency. of Law, 508 (1 Ed.); Dicy on Parties, 82-3.

Consequently we must conclude that the children of Lizzie Robinson are not proper parties to this action, and that C. D. Robinson is not a proper party either as tenant for life, or as assignee of Lucy Powell and E. C. Martin. C. D. Robinson may, however, use the names of his assignors for the purpose of having them join with Harry Shaw and Lora Robinson as plaintiffs. Or Harry Shaw and Lora Robinson may, as surviving co-tenants, maintain this action for the benefit of themselves and C. D. Robinson and the children of Lizzie Robinson. If a recovery is made by those plaintiffs who have the right to maintain this action, such recovery "inures to the benefit of all the co-tenants therein, respectively, and an accounting therefor may be compelled". 38 Cyc. 119-120.

It is apparent that this opinion is based solely on the rules of Common Law pleading. Statutory systems of pleading usually if not invariably require all of the real parties in interest to be before the court. Equity procedure in this state

so requires.   The dictum in *Curry* v. *Ry. Co. supra,* indicates the trend of modern judicial thought when divorced from Common Law restrictions.   But the Constitution of this state declares that the Common Law shall continue to be the law until altered or repealed by the Legislature.   Therefore this court must uphold and require compliance with Common Law pleading until it is so changed.   It should not be modified or disregarded because of supposed expediency or for other personal opinion of the court.

The ruling of the circuit court on the demurrer is therefore affirmed.

*Ruling affirmed.*