# CHARLESTON.

W. S. WRAY, *Assignee of L. G. Toney v.* GUYAN LUMBER
COMPANY

(No. 5634.)

Submitted April 27, 1926.   Decided May 11, 1926.

ASSIGNMENTS—*Assignee of Claim Arising Out of Tort to Real
or Personal Property Cannot, Under Statute or at Common Law, Maintain Action Thereon in His Own Name
(Code, c. 99, § 14).*

The assignee of a claim arising out of a tort to real or personal
property cannot, under Section 14, Chapter 99, Code, or at
common law, maintain an action thereon in his own name.

HATCHER, JUDGE, absent.

(Assignments, 5 C. J. §§ 189, 193.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Error to Circuit Court, Wyoming County.

Action by W. S. Wray, assignee of L. G. Toney, against the
Guyan Lumber Company. Judgment for defendant, and
plaintiff brings error.

*Affirmed.*

*Russell S. Ritz,* for plaintiff in error.

*J. Albert Toler,* for defendant in error.

LITZ, PRESIDENT:

Lester G. Toney instituted this action in trespass on the case against the defendant, Guyan Lumber Company, a corporation, for the wrongful cutting and removing of timber. The present plaintiff, W. S. Wray, claiming the benefit of the cause of action as assignee of Toney, thereafter, over the objection of the defendant, was substituted as plaintiff in lieu of Toney. To the judgment of the trial court upon a directed verdict in favor of the defendant, the plaintiff obtained this writ.

Wray cannot maintain the action in his own name as assignee of the original plaintiff, Toney, and the trial court improperly permitted him to be substituted as plaintiff in lieu of Toney. "While a claim arising out of a tort to real or personal property is assignable, the assignee cannot, under Section 14, Chapter 99, Code, or at common law, maintain an action thereon in his own name. Such action may be maintained in the name of the assignor for the use of the assignee." *Barkers Creek Coal Co.* v. *Alpha Pocahontas Coal Co.,* 96 W. Va. 700, 123 S. E. 803; *Keyser Canning Co.* v. *Klots Throwing Co.,* 98 W. Va. 487, 128 S. E. 280.

In view of the fact that the substituted plaintiff, W. S. Wray, cannot maintain the action in his own name, it is unnecessary to consider the questions raised on the merits of the case.

The judgment of the circuit court is affirmed, without prejudice to the rights of the parties.

*Affirmed.*