## CHARLESTON.

LOGAN CENTRAL COAL COMPANY *v.* COUNTY COURT
OF LOGAN COUNTY

(No. C. C. 411)

Submitted January 9, 1929.   Decided January 15, 1929.

*Henry S. Cato,* for plaintiff.
*Chas. L. Estep,* for defendant.

Woods, President:

The Logan Central Coal Company, after leasing a certain coal mining property from W. D. Payne and others for a period of forty years, erected a tipple and power house and made other improvements necessary to the operation of said leasehold. Thereafter, the county court of Logan county, without condemning or otherwise, entered upon and took a part of the land for road purposes. During the construction of the road, according to the lessee, the tipple and power house were undermined to such an extent as to render them unsafe for use and impossible to operate, thereby compelling it to abandon them and cease operation of its mine. The owners of the freehold, for a valuable consideration, assigned their right of action to the lessee. Suit was instituted by the lessee for $40,000.00 damages, and a declaration, setting out the above facts, was filed at March Rules, 1928. On March 20, 1928, the company filed in the office of the clerk what was termed an amended declaration, in all respects similar to the original, except that it added as parties plaintiff ''W. D. Payne and others who sue for the use and benefit of Logan Central Coal Company.'' When the case was called at April term, defendant appeared specially and objected to the filing, and moved to strike from the record, the so-called amended declaration. This motion was sustained by the court on the ground that claims for damages to the leasehold and freehold could not be joined in one action, and certified the pleadings to this Court.

Where the same tort results in damages to the leasehold estate of a coal mining lessee, and in damages to the freehold estate of the lessors, can the lessee take an assignment of the damages from its lessors and sue for them in the same action in which he seeks to recover damages to the leasehold which were sustained in its own right? We have held that while a claim arising out of tort to real or personal property is assignable, the assignees cannot, under section 14 of Chapter 99, Code, or at common law, maintain an action thereon in his own name; but such action must be maintained in the name of the assignor for the use of the assignee. *Barkers Creek Coal Co.* v. *Alpha Pocahontas Coal Co.*, 96 W. Va. 700.

The pleader in the present case endeavored to put himself within this rule by his amended declaration. But may such action be joined with one for damages to the leasehold estate?

The general rule is that "Where two or more persons have a separate interest and sustain a separate damage, they must sue separately, and cannot join even though their several injuries were caused by the same act." 15 Ency. Pl. & Pr. 541. To same effect: Hogg Pl. & Forms, 36 A. (y.); Chitty on Pl. 96 (16 Am. Ed.). This rule has been given effect generally in our decisions, and was recently emphasized in the case of *Shaw* v. *Railroad Company*, 100 W. Va. 368. There it was held that, when a tort upon realty affects both the estate of a life tenant and that of a remainderman, each may sue separately, but they cannot unite in one action to recover damages for an injury, and further that the assignment by one co-tenant of his right of action in such suit, does not entitle the assignee to join with the other co-tenants. Since the lessor and the lessee in the instant case had separate interests and sustained separate damages on account of the plaintiff's violation of their rights, and could not have joined as plaintiffs at common law, the Court takes the position that an assignment of one interest to the other does not vest the assignee with the right to a joinder. Such a joinder might in many instances tend to confusion rather than to clarity and exactness in issues.

The fact that the owner of the leasehold is now the sole beneficiary of the entire recovery is, to my mind, a very persuasive argument for upholding the assailed pleading. The Court, however, is of opinion that the same result may be obtained by having such suits consolidated and tried together. The latter course would have the merit of allowing separate pleas to be filed and an apportionment of the damages, which might be of value after verdict in determining the correctness of the finding.

The ruling of the circuit court is therefore affirmed. We so certify.

*Ruling affirmed.*