# CHARLESTON.

L. Kaufman *v.* Aaron Catzen *et al.*

(No. 6442)

Submitted October 1, 1929.  Decided October 15, 1929.
(Rehearing denied December 4, 1929.)

2

*George C. Perry, A. C. Buchannan,* and *D. J. F. Strother,* for appellant.

*F. C. Cox, Russell S. Ritz* and *Sanders, Crockett, Fox & Sanders,* for appellees.

MAXWELL, JUDGE:

Prior decisions in this case are reported in 81 W. Va. 1, 90 W. Va. 719, and 100 W. Va. 79. The present appeal is prosecuted by the plaintiff from a decree of the circuit court of October 22, 1928, confirming a report of a commissioner in chancery made pursuant to the directions of this Court on the second appeal. There are involved here certain items of account allowed by the commissioner as credits to Catzen, and the question of interest on withdrawals by Catzen.

Appellant seeks to raise the question of the correctness of the allowance by the commissioner of interest on advancements to capital by Catzen, but that matter cannot now be considered, because it was determined on the second appeal. We there held that Catzen is entitled to interest on advancements to capital paid by him. It is *res judicata.* The reasons for our holding that Catzen is entitled to interest on advancements to capital are clearly set forth in JUDGE LIVELY's opinion, 90 W. Va. 719, and need not be repeated here. Suffice it to say that the general rule, relied on by plaintiff in error, that a partner is not entitled to interest on advancements by him to capital in the absence of a special agreement that he is to be allowed such interest is not applicable here, in the first place because the relationship here presented is not strictly a partnership, it being a joint adventure as we have heretofore determined, and in the second place because Kaufman having failed to contribute to capital the sum of $20,000 which he had agreed to contribute, it was necessary for Catzen to borrow money not only to cover the said sum of $20,000, but also to further finance the affairs of the adventure.

The commissioner found that there were unauthorized withdrawals by Catzen of $66,904.39 down to the 31st day of December, 1926. To this sum there should be added two items which the commissioner did not charge against Catzen, namely, $2,500.00 for federal income tax and $1,112.49 cost of preparation of federal income tax returns. With these two items added, the total unauthorized withdrawals down to the date mentioned is $70,516.88. The two additional items which we hold should be charged against Catzen are not items of expense of the joint adventure. They are items of tax and expense, respectively, of the Clark Development Company, a corporation, which was organized by Catzen to take over his interest and right in the joint adventure. Kaufman has no interest or concern in the said corporate affairs, and therefore it is improper to carry into the settlement between him and Catzen any of the charges against the corporation.

This brings us to the outstanding and important question of this appeal, namely, whether interest should be charged against Catzen on his unauthorized withdrawals. The commissioner, basing his conclusion on our prior adjudication that Catzen is entitled to interest on advancements to capital, found that there was created a relationship of debtor and creditor between Catzen and the joint adventure; that he became a creditor and as such occupied the same status as any other creditor, and that as exclusive manager of the enterprise he had the right at any time to make to himself as creditor, payments or credits on the amount owing to him by the adventure; that these amounts should be considered as payments to a creditor and not as withdrawals by a partner or co-adventurer, and that no interest should be charged thereon, because, forsooth, it is said that the payments made by Catzen, co-adventurer, to Catzen, creditor, do not at any time amount to the interest due on advancements to capital by Catzen. We are unable to adopt this reasoning of the commissioner. Catzen must retain the role of joint adventurer throughout. It would be most unjust to Kaufman to permit Catzen to be considered as a co-adventurer for the purpose of giving him full control and management of the common property under the original agreement between the two men,

and as a creditor for the purpose of permitting payments to be made by him to himself at any time without interest being charged against the same while Kaufman gets nothing. The law fixes an obligation for the immediate re-payment of money wrongfully obtained, with interest from the date of the wrongful act until re-payment. 33 C. J. 203. He who uses money which does not belong to him must, as a general rule, pay interest thereon. *Vashon* v. *Barrett*, 105 Va. 490. And it is only consonant with reason and justice that a co-adventurer who makes unauthorized withdrawals from the common fund and has the enjoyment thereof to the exclusion of another who has a substantial share therein should be required to pay interest. In this respect we perceive no distinction between co-adventurers and partners. The aspect most favorable to Catzen would place him as a borrower. If he were a borrowing partner, he would have to pay interest. Rowley's *Modern Law of Partnership*, Vol. 2, sec. 668. As a co-adventurer the same requirement must be made of him. We are therefore of opinion that the unauthorized withdrawals made by Catzen, aggregating $70,516.88 to December 31, 1926, should be charged against him with interest from their respective dates of payment. In order that there may be a re-statement of the account on this basis, we will reverse the decree of the chancellor confirming the report of the commissioner and remand the cause for further proceedings.

Prior to the argument on the merits at the submission of this cause in this Court, Catzen and the Clark Development Company moved to dismiss this appeal because it appears that on the 3rd day of August, 1928, Kaufman sold and assigned all of his right, title and interest to the property in litigation in this suit to one A. Z. Litz. This motion was resisted by Kaufman and Litz. We overrule the motion because an assignee of property involved in litigation has the right to proceed in the name of his assignor for the purpose of protecting the right, title or interest involved in the suit. ''Where an assignment is made by plaintiff in an action after suit brought, the assignee acquires the right to control the action, and his rights as assignee will be protected. The assignment operates as an implied authority from the assignor to the assignee to

use the assignor's name to protect the rights assigned; but there must be notice of the assignment to bind the debtor." 5 C. J. 982, 984. See also *Shaw* v. *Railway Co.*, 100 W. Va. 368; *Wray* v. *Lumber Co.*, 101 W. Va. 619; *Tyler, Rec'r.* v. *Ricamore*, 87 Va. 466.

Cross-assignments of error go to the action of the trial chancellor in overruling a motion of the defendant to dismiss the plaintiff's bill and to dismiss the cause; in refusing to decree to the defendant their costs expended in the circuit court in their defense of this case; in decreeing that the defendant pay certain costs and directing that the amount thereof be carried on the books of the Clark Development Company pending the final determination of this cause. In our opinion none of these cross-assignments is well taken. We think that the justification of the trial court's refusal to sustain any of the several motions indicated in the cross-assignments sufficiently appears in the history of this case as found in the four decisions of this Court.

We reverse the decree of October 22, 1928, and remand the cause for further proceedings in accordance herewith.

*Reversed and remanded.*