HAZEL CARPER, *For Use and Benefit of* PHOENIX ASSURANCE COMPANY, *Ltd., of London v.* MONTGOMERY WARD & COMPANY

(CC 638)

Submitted February 18, 1941. Decided March 15, 1941.

*Young & Young,* for plaintiff.
*Steptoe & Johnson, Oscar J. Andre* and *Myron B. Hymes,* for defendant.

RILEY, JUDGE:

This certification involves the ruling of the Circuit Court of Upshur County in overruling the demurrer to three special pleas to the declaration in an action of trespass on the case, entitled Hazel Carper for the use and benefit of Phoenix Assurance Company, Ltd., of London, against Montgomery Ward & Company.

The purpose of this action, as disclosed by the declaration, is to recover damages for the destruction of Hazel Carper's home, which is alleged to have been caused by defendant's careless, improper and negligent installation of a heating furnace, pipes and other parts thereof. The declaration further alleges that the claim and right of action upon which this action is based were assigned by plaintiff on November 16, 1938, to the Phoenix Assurance Company, Ltd., its successors and assigns.

The pleas to which the demurrer was overruled allege that plaintiff is precluded from prosecuting this action because the matters involved therein have already been adjudicated in a former action. The first plea alleges that a judgment was rendered in favor of plaintiff against the defendant in an action instituted for "the very same wrong and injury and for the very same act or acts of carelessness and negligence on the part of the defendant in the declaration in this action mentioned and alleged"; and the second and third pleas allege that said former action was instituted by the plaintiff *in her own right* upon the same facts, subject matter, acts of negligence, and issues as in the declaration in this action mentioned and alleged, namely, the alleged negligent, careless and improper installation

by the defendant of the very same furnace, resulting in the very same fire, which allegedly damaged and destroyed plaintiff's home. The two last mentioned pleas further allege that the judgment in the former action was affirmed by this Court.

The declaration and pleas contain no allegation to the effect that the assignment to the insurance company was made pursuant to the provisions of an insurance policy, or that the former action, as stated in the briefs and oral arguments, was confined to damages for the destruction of the contents of the house. True, the record contains a stipulation to the effect that "the amount sought to be recovered in this action is based upon the amount paid by the Phoenix Assurance Company covering fire loss to the real estate of Hazel Carper, to which said company has been subrogated, and that her loss in the real estate was not totally covered by the insurance of said company, and Hazel Carper, in her own right, has no interest in the case at bar." However, under Code, 58-5-2, only questions arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading are certifiable. Consequently, we cannot, and do not, consider the contents of the stipulation.

Counsel in the presentation of this case have conceived the issue to be whether or not the plaintiff, Hazel Carper, by the assignment to the insurance company, has split a cause of action against defendant. It is argued on behalf of plaintiff that she had two separate causes of action growing out of the fire, one for the destruction of her house and the other for the contents thereof; and that she in a former action had successfully impleaded defendant on the damage to the personalty. Defendant, by counsel, on the other hand, asserts that plaintiff had a single and indivisible cause of action, growing out of one act of negligence, and that the judgment set up in the special plea is a bar to this action, though the former one was brought to recover damages only for the contents of the house. In deference, we suggest that neither of the positions taken by the parties is supported by the record. Here the declaration alleges defendant's negligence in causing

a fire which resulted in damage to plaintiff's house; and the pleas set up a judgment in plaintiff's favor against the defendant rendered in an action which involved the same issues and purposes as the instant action.

Because this certificate involves only the ruling of the trial court in overruling the demurrer, it can be readily seen that the case before us involves only the sufficiency of pleas as setting up an estoppel by a prior adjudication. Neither the declaration nor the pleas contain any allegation to the effect that, as counsel suggest, plaintiff has split or is attempting to split a cause of action, or that the former action was confined to a part of the damages resulting from the fire. A court cannot take judicial notice of the record in another action or suit, whether in the same or another court. The record must be either pleaded or given in evidence. *Pickens* v. *Coal River Boom & Timber Co.*, 66 W. Va. 10, 65 S. E. 865, 24 L. R. A. (N. S.) 354; *Brown* v. *Cook*, 77 W. Va. 356, 87 S. E. 454, L. R. A. 1916D, 220; *Harner* v. *Harner*, 116 W. Va. 530, 182 S. E. 291, 101 A. L. R. 1320. This is the general rule. *United States* v. *Bliss*, 172 U. S. 321, 326, 19 S. Ct. 216, 43 L. Ed. 463, 20 Am. Jur., Evidence, section 87. Nor does the opinion of this Court rendered in *Carper* v. *Montgomery Ward & Company*, 122 W. Va. 318, 9 S. E. (2d) 133, enable us to take judicial notice of the former action. *Collins* v. *Board of Trustees of Davis & Elkins College*, 72 W. Va. 583, 79 S. E. 10. It follows that we cannot by judicial notice look to the record in the former action, and on that basis consider the question raised by counsel concerning the right of a party plaintiff to split a cause of action and the effect thereof.

The concurrence of four things is necessary for the application of the doctrine of *res adjudicata:* "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons, and of the parties to the action; and (4) identity of the quality in the person for and against whom the claim is made." *Marguerite Coal Co.* v. *Meadow River Lumber Co.*, 98 W. Va. 698, 127 S. E. 644, 646; *Collins* v. *Treat*, 108 W. Va. 443, 451, 152 S. E. 205. The pleas, we think, fully meet the requirements of the rule

so far as the thing sued for and the identity of the cause of action are concerned. Read in connection with the declaration, they allege that the claim upon which the former action was based was the negligent destruction of plaintiff's house by fire. We think also that they set forth an identity of parties to the action, as well as identity of the quality in the person for or against whom the claim is made. All three allege that the former action had as defendant therein the defendant in this action; and the fact that the former action was brought by plaintiff in her own right and this action as assignor for the use and benefit of the insurance company does not destroy the identity of party plaintiff in both actions. In this jurisdiction the assignee of a cause of action for tort to property may maintain, in a court of law, an action in the name of the assignor for the use of the assignee. *Barkers Creek Coal Co.* v. *Alpha-Pocahontas Coal Co.*, 96 W. Va. 700, 123 S. E. 803; *Keyser Canning Company* v. *Klots Throwing Co.*, 98 W. Va. 487, 497, 128 S. E. 280; *Wray* v. *Guyan Lumber Company*, 101 W. Va. 619, 133 S. E. 315; *Logan Central Coal Co.* v. *County Court of Logan County*, 106 W. Va. 578, 579, 146 S. E. 371.

The difficulty we have with the record is that it does not present to us for adjudication the questions which have been addressed to us by counsel in oral argument and briefs. We have, however, no other course than to affirm the rulings of the trial court in overruling the demurrer to the pleas. This affirmance, however, is without prejudice to the parties to pursue such procedure as may be proper and of which they may be advised.

*Affirmed.*