(80 South. 176)

AMERICAN TRUST & SAVINGS BANK v. TURNER et al.   (1 Div. 249.)

(Court of Appeals of Alabama.   Nov. 19, 1918.)

1. SALES ⬅⟫479(15) — CONDITIONAL SALES — OBLIGATION TO PAY PRICE.

The retention of title by seller of personal property in purchase-money note does not prevent the enforcement of the obligation to pay the entire purchase price, and the retention of title is at most a security for the payment of the purchase money.

2. EXECUTION ⬅⟫181—CLAIMS BY THIRD PERSONS.

Under Code 1907, § 6039, any person holding a claim, legal or equitable, to personal property levied on, may institute a claim suit to try his rights to it at law as though he had the legal title.

3. EXECUTION ⬅⟫184—CLAIMS TO PROPERTY—SUFFICIENCY.

The claimant to property levied on need not propound his claim so as to set out at length what general right or title he may have.

4. EXECUTION ⬅⟫184—REPLEVIN—AFFIDAVIT OF CLAIM—SUFFICIENCY.

If claimant advanced money to pay note in which title to automobile was retained pending payment therefor and he was entitled to be subrogated to the rights of the holder of the note, his affidavit of claim that he had a just claim to the automobile levied on, viz. that he holds title to and owns said property, is sufficient.

5. SUBROGATION ⬅⟫31(4)—RIGHTS OF PERSON ENTITLED TO SUBROGATION.

When a party is entitled to subrogation, he is also entitled to have assigned to him every

judgment, specialty, or other security held by the creditor in respect to the debt, whether satisfied or not, to the extent necessary to protect him from loss.

**6. SUBROGATION ⬤27(2)—PAYMENT OF ANOTHER'S DEBT—"VOLUNTEER."**

One who pays off another's obligation secured by mortgage or advances money for its payment at the instance of the debtor and for his benefit is not a mere stranger or "volunteer," but is entitled to subrogation to rights of the original creditor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Volunteer.]

**7. SUBROGATION ⬤27—PAYMENT OF ANOTHER'S DEBT.**

It is not essential to conventional subrogation that the creditor should be a party to the agreement between the debtor and a third party, and the contract supporting the subrogation may be between the party to be subrogated and either the creditor or the debtor.

**8. SUBROGATION ⬤27—CONTRACT—WRITING.**

It is not essential to subrogation that the contract be in writing.

**9. SUBROGATION ⬤41(6)—EVIDENCE—ADMISSIBILITY.**

Where defendant bought automobile and gave note in which title was retained in seller and claimant furnished money to pay the note and then, when defendant's general creditor sought execution, brought claim suit alleging that he was subrogated to the rights of the seller, the contract between the seller and the debtor and conversations between the debtor and claimant were admissible to show subrogation.

**10. SUBROGATION ⬤23(2) — QUESTIONS FOR JURY—SUFFICIENCY.**

Where defendant bought automobile and gave note in which title was retained in seller and claimant furnished money to pay the note and then, when defendant's general creditor sought execution, brought claim suit alleging that he was subrogated, whether there was a conventional subrogation *held* for the jury.

Appeal from Circuit Court, Monroe County; Ben D. Turner, Judge.

Claim suit by James K. Kyser against the American Trust & Savings Bank, which sought execution against property of P. W. Turner, its judgment debtor. Judgment for claimant, and plaintiff bank appeals. Affirmed.

Claim suit instituted by the appellee to try the rights of property. From a judgment for the claimant, plaintiff appeals.

On December 29, 1915, one P. W. Turner, who was a judgment debtor of the American Trust & Savings Bank, against whom a judgment had been rendered and regularly recorded, purchased from one Paul Crawford a Chandler automobile, which automobile is the basis of this litigation. On the date of the purchase, he executed to Crawford an instrument in writing under the terms of which he promised to pay Crawford the sum of $1,250 as purchase money for the automobile, and in which instrument, to secure the payment of the amount, Crawford retained title to the automobile. This instrument was duly filed for record in the office of the judge of probate of Monroe county, on December 29, 1915.

Turner, being unable to meet the payments due to Crawford in accordance with the agreement, some time in January, 1916, made an agreement with one Kyser, the claimant here, whereby Kyser agreed to advance for Turner the sum of $1,000 to be applied on the payment of the purchase price of the car, the advance being made with the distinct agreement between Turner and Kyser that Kyser should have the security held by Crawford. In pursuance of this agreement, Turner drew his draft on Kyser for $1,000 which said draft was paid, and this money, together with $250, was applied to the payment of the paper held by Crawford; the Crawford paper being then due and in the Monroe County Bank for collection. The Monroe County Bank honored the draft after its cashier had advised Kyser that the Crawford papers were in the hands of the bank.

Subsequent to that time, and without the knowledge of Kyser, Turner executed a mortgage to Kyser for $1,000 on the automobile and delivered the mortgage to the judge of probate for record.

On March 18, 1916, an alias execution was issued from the circuit court of Monroe county, Ala., upon a judgment obtained in said court by the American Trust & Savings Bank on the 18th day of November, 1914, and filed in the office of the judge of probate of Monroe county for record on December 2, 1914. The execution was levied on the automobile in question, it being at the time in the possession of Turner, the defendant. Kyser filed his claim, supported by affidavit, and the car was released to him. Upon the trial in the circuit court of Monroe county, there was judgment for the claimant, and from the judgment the plaintiff appeals.

Winkler & Smith, of Birmingham, and L. S. Biggs, of Monroeville, for appellant.

Barnett, Bugg & Lee, of Monroeville, for appellee.

SAMFORD, J. There are two questions presented by this record for review:

First. Is the claimant entitled to be subrogated to the rights of Crawford in the automobile?

Second. If so, is the affidavit of the claimant propounding his claim broad enough to meet the requirements of the statute?

The second question will be dealt with first.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Before there can be subrogation, there must, of course, be an obligation; but the retention of title by the seller in a note given for the purchase money of personal property does not prevent the enforcement of the obligation to pay the entire purchase price, and the retention of title is at most a security for the payment of the purchase money. Davis v. Millings, 141 Ala. 378, 37 South. 737; Bingham v. Vandegrift, 93 Ala. 283, 9 South. 280; Tanner & De Laney v. Hall, 89 Ala. 628, 7 South. 187.

[2] Under our statutes, any person holding a claim, either legal or equitable, to personal property, may institute a claim suit to try his rights to it at law, as though he had the legal title. Code 1907, § 6039.

[3, 4] The claimant, in making his affidavit, averred that he had a just claim to the property levied on, viz. that he holds title to and owns said property. If his contention be correct that he is entitled to be subrogated to the rights of Crawford, who held the legal title to the property by reason of the retention title note executed at the time of the purchase, then his affidavit is sufficient. It is not necessary for the court to require the claimant to propound his claim so as to set out at length what general right or title he may have to the property. Warren v. Liddell, 110 Ala. 232, 20 South. 89.

[5] The one question, then, upon which a proper determination of this case depends, would be the right of the claimant to be subrogated to the right of the original seller, under the instrument in writing given to secure the purchase money, in which the seller retained the title to the property, and that right would depend upon whether or not the facts in this case would justify the claimant to be subrogated under the doctrine of conventional subrogation. The rule supported by the great weight of authority in America is that, when a party is entitled to subrogation, he is also entitled to have assigned to him every judgment, specialty, or other security held by the creditor in respect to the debt, whether or not deemed at law to have been satisfied (37 Cyc. p. 411, and authorities cited under note 87), and this assignment is to the extent necessary to protect him from loss, and is entitled to be substituted in the place of the creditor as to all means and remedies which the creditor possessed to enforce payment of the debt secured from the principal debtor. Saint v. Ledyard, 14 Ala. 244; New Eng. Mortgage Security Co. v. Fry, 143 Ala. 637, 42 South. 57, 111 Am. St. Rep. 62; Arnett v. Willoughby et al., 190 Ala. 530, 67 South. 426.

The above rule is declaratory of the rights of parties in legal subrogation; but, wherever a party is entitled to conventional subrogation, the same rule is alike applicable.

[6] The doctrine of conventional subrogation is not new to the jurisprudence of this state, and one who pays off the obligation of another secured by a mortgage, or advances money for its payment at the instance of the debtor and for his benefit—such a person is in no true sense a mere stranger and volunteer, but in a proper proceeding is entitled to be subrogated to the rights of the original creditor. 7 Mayf. Dig. p. 858, subhead Subrogation; Bell v. Bell, 174 Ala. 446, 56 South. 926, 37 L. R. A. (N. S.) 1203; 37 Cyc. 367 et seq.

[7, 8] It is not essential to conventional subrogation that the creditor should be a party to the agreement between the debtor and a third party, and the contract supporting the subrogation may be between the party to be subrogated and either the creditor or the debtor. Allen v. Caylor, 120 Ala. 251, 24 South. 512, 74 Am. St. Rep. 31. Neither is the agreement required to be in writing. Allen v. Caylor, supra.

[9] The foregoing being the law, the court did not err in overruling plaintiff's motion to strike the claimant's affidavit from the file, nor in overruling plaintiff's objection to the introduction of the lease sale contract executed by Turner, the debtor, to Paul Crawford, the original seller, nor in overruling plaintiff's objections to questions propounded to Turner and to Kyser to prove the agreement between them relative to the subrogation.

The court did not err in overruling plaintiff's motion to exclude all the evidence offered by the claimant relative to the Paul Crawford mortgage or lien and to exclude the mortgage. This testimony was relative to the issues involved in the case.

[10] The court did not err in submitting to the jury the question as to whether, under the facts, there was a conventional subrogation, and the excerpts from the general charge of the court properly define the necessary elements of conventional subrogation, and were without error.

We find no error in the record, and the judgment is affirmed.

Affirmed.