8 So.2d 412
**CRUTCHFIELD v. JOHNSON & LATIMER.**
4 Div. 236.

Supreme Court of Alabama.
April 23, 1942.

Rehearing Denied June 11, 1942.

John A. Jenkins, Jr., of Geneva, for appellee.

E. C. Boswell, of Geneva, for appellant.

LIVINGSTON, Justice.

Bill by the appellant mortgagor to cancel a certain "second" real estate mortgage held by appellees claiming payment of the mortgage debt, praying an accounting, and, in the alternative, for redemption if it be ascertained that any of the debt remains unpaid, and to quiet complainant's title to the real estate described in the mortgage.

Appellees answered the bill and made the answer a cross-bill, in which they sought foreclosure, and the appointment of a receiver to collect the rents and profits and preserve the property pending determination of the litigation. The amount claimed by the appellees to be due on the indebtedness secured by the mortgage includes the amount paid by them in satisfaction of the first mortgage to the Federal Land Bank of New Orleans.

Demurrers were overruled to the cross-bill and the trial court entered a decree appointing a receiver. All other questions were reserved for the further consideration of the court. From this decree complainant and cross-respondent appealed.

The decree of the lower court recites "It is agreed by the parties that unless the amount paid by Johnson and Latimer to the Federal Land Bank in satisfaction of the first mortgage upon the land involved is held to be a valid part of the debt that a receiver should not be appointed. Other questions are disputed."

The inquiry on this appeal is thus limited to the question of whether or not Johnson

and Latimer, respondents and cross-complainants, had the right to pay off the first mortgage to the Federal Land Bank and charge the amount so paid to the indebtedness secured by the second mortgage to them and to foreclose their mortgage to satisfy the indebtedness secured thereby, including the amount paid to the Federal Land Bank.

The mortgage to the Federal Land Bank was executed and delivered by appellant on January 2, 1922, to secure an indebtedness of $2,000, payable in thirty-four fixed annual installments.

The mortgage to appellees was executed and delivered on January 7, 1930, to secure an indebtedness of $1,300, together with any additional amount furnished to the mortgagor by the mortgagee on any account and at any time before the debt therein described was fully paid, in money or otherwise. It recited the existence of the mortgage to the Federal Land Bank.

Appellees' mortgage, the second mortgage, contained the following provision: "The property in this mortgage and the mortgage itself, shall stand as security for any valid obligation of mine which the mortgagee may acquire by purchase or otherwise from any person owning the same."

The fixed annual installment payments secured by the Federal Land Bank mortgage were paid by complainant up to and including the year 1938. The installment payments due in January, 1939, and January, 1940, were extended by agreement between appellant and the Federal Land Bank. The date to which these payments were extended does not appear. The record indicates that they were not paid by appellant.

On December 12, 1940, appellees, Johnson and Latimer, without the knowledge or consent of appellant, paid to the Federal Land Bank the entire balance secured by its mortgage and charged the amount so paid to the indebtedness secured by their mortgage. The extension of time of payment of the installments due in January, 1939, and January, 1940, by an agreement between appellant and the Federal Land Bank did not impair the security of appellees as subsequent encumbrancers. 15 Amer. & Eng. Ency. Law, p. 872, note 1; 2 Jones on Mortgages, 8th Ed., §§ 1186, 1202; Higman v. Humes, 127 Ala. 404, 30 So. 733.

To "acquire" is, in the law of contracts, to become the owner of property; to make property one's own. Wulzen v. Board of Sup'rs of City and County of San Francisco, 101 Cal. 15, 35 P. 353, 356, 40 Am. St.Rep. 17; Ex parte Okahara, 191 Cal. 353, 216 P. 614, 618. Other definitions are "to obtain by search, endeavor, practice or purchase; get as one's own; receive or gain in whatever manner; come to have." Funk and Wagnalls New Standard Dictionary.

The record discloses that appellees paid the indebtedness secured by the first mortgage to the Federal Land Bank. "Payment" implies a discharge of the obligation according to its terms, or by something given or received of agreed value equal to the debt or liability. J. F. Morgan Paving Co. v. Carroll, 211 Ala. 121, 99 So. 640. Here, the debt itself was extinguished. It was not "acquired" by appellees. Appellees' rights are to be determined under the equitable doctrine of subrogation.

A person entitled to subrogation must work through the creditor whose rights he claims. He stands in the shoes of the creditor and is entitled to the benefit of all the remedies of the creditor and may use all means which the creditor could to enforce payment. American Trust & Savings Bank v. Turner, 16 Ala.App. 602, 80 So. 176. But he can only enforce such rights as the creditor could enforce, and must exercise such rights under the same conditions and limitations as were binding on the creditor, and hence, can be subrogated to no greater rights than the one in whose place he is substituted. Teague v. Corbitt, 57 Ala. 529; 60 Corpus Juris pp. 723, 724, § 35.

Where a mortgage provides that upon payment of a prior mortgage by the mortgagee, he may add the amount thereof to the sum secured by his mortgage, such payment by him will of course have that effect. But unless such authority is contained in his own security, a mortgagee paying a prior mortgage is merely subrogated to the lien of the prior mortgage, and, in order to recover the sum paid on foreclosure of his mortgage, he must plead and prove facts showing the right to foreclose the prior mortgage. Wiltsie on Mortgages, 5th Ed., p. 893, § 550; First State Bank of St. Edward v. Niklasson, 116 Neb. 713, 218 N.W. 744. See, also, Jacobs v. Kupperstein, 112 Conn. 607, 153 A. 656.

The record does not show a right to foreclose the Federal Land Bank mortgage, and as a consequence the sum paid in satisfaction of it cannot be added to the amount secured by the second mortgage.

It follows that under the agreement of the parties, the appointment of the receiver was erroneous.

Reversed and remanded.

GARDNER, C. J., BOULDIN, and FOSTER, JJ., concur.