PER CURIAM.
The appellant, Auto-Owners Insurance Company, plaintiff below, brings this appeal from an adverse judgment rendered in its suit against the appellee, Atlantic National Insurance Company, defendant below, for declaratory relief.
The appellant had a garage liability policy insuring Loye F. Hawkins, doing business as Airport Service Center.
The appellee, Atlantic National Insurance Company, issued a policy of liability insurance, on or before July 24, 1961, to The Hertz; Corporation, an automobile rental agency with a branch office in St. Peters-burg.
On July 24, 1961, Floyd Kalmback, an employee of Loye F. Hawkins, the garage operator, was operating an automobile owned by Hertz and insured by Atlantic National Insurance Company. On that date Hawkins’ employee, while driving the Hertz automobile for the purpose of servicing the same, was involved in an accident with another automobile operated by Emory MacFarlane, in which automobile Mary Hunt was a passenger. As a result of this accident, three law suits evolved:
1. Mary Hunt and Edward Hunt, her husband v. Hertz Corporation and Loye F. Hawkins d/b/a Airport Service Center and his employee, Floyd Kalmback, in the Circuit Court, Pinellas County, Florida.
2. Emory MacFarlane v. Loye F. Hawkins d/b/a Airport Service Center, his employee Floyd Kalmback and The Hertz Corporation.
3. After trial of the first suit and settlement of the second suit, a suit was brought by Hertz Corporation for indemnification against Loye F. Hawkins d/b/a Airport Service Center, Inc., in the Circuit Court of Pinellas County, Florida. This suit resulted in a judgment in favor of Hertz Corporation against Hawkins.
The Auto-Owners Insurance Company, appellant here, insurer of Loye F. Hawkins *330 d/b/a Airport Service Center, after an adverse judgment against Hawkins for indemnification, brought this suit for declaratory action to determine the respective rights of the parties.
In the complaint filed by The Hertz Corporation against Loye F. Hawkins d/b/a Airport Service Center, it is set forth that on or about July 24, 1961, The Hertz Corporation requested the Airport Service Center (Loye F. Hawkins) to pick up for servicing an automobile owned - by The Hertz Corporation; that Loye F. Hawkins dispatched his employee, Floyd Kalmback, to the office of The Hertz Corporation for the purpose of driving the automobile to the Airport Service Center for servicing; that while driving the automobile, Floyd Kalmback, as an employee of Loye F. Hawkins d/b/a Airport Service Center, collided with an automobile driven by Emory MacFarlane in which Edward Hunt and Mary Hunt, his wife, were passengers; that as a result of the collision, Emory Mac-Farlane sued The Hertz Corporation, Loye F. Hawkins d/b/a Airport Service Center and Floyd Kalmback, alleging personal injuries as a result of the negligent operation of plaintiff’s automobile by the employee of the defendant, Loye F. Hawkins d/b/a Airport Service Center; that as a result of the collision Edward Hunt and Mary Hunt, husband and wife, sued The Hertz Corporation, Loye F. Hawkins and Floyd Kalm-back for personal injuries as the result of the negligent operation of the plaintiff’s automobile by the employee of the defendant, Loye F. Hawkins d/b/a Airport Service Center.
It is further alleged in the complaint that the plaintiff, The Hertz Corporation, and the defendant, Loye F. Hawkins d/b/a Airport Service Center, jointly defended the said law suits under an agreement whereby such joint defense would not prejudice the rights of either against the other for reimbursement owed by one to the other as a result of any judgments entered against them, jointly or severally, as a result of said law suits; that in the Mac-Farlane suit the controversy was settled by the payment of $4,000.00 to Emory Mac-Farlane and his costs in the sum of $792.45; that as a result of the Hunts’ suit a jury rendered a verdict against the plaintiff, Hertz Corporation, and defendant, Hawkins, in the sum of $5,664.10 and taxed costs in the amount of $385.00, making a total judgment of $6,049.10.
The complaint further states that pursuant to the agreement between The Hertz Corporation and Loye F. Hawkins d/b/a Airport Service Center, The Hertz Corporation paid, in the MacFarlane suit the sum of $2,396.22, and in the Hunt suit the sum of $3,024.54; that at all times the defendant, Loye F. Hawkins d/b/a Airport Service Center, was the employer of Floyd Kalm-back and all acts of the said Floyd Kalm-back in the operation of the Hertz automobile was done in the scope of his employment and in the furtherance of the defendant’s business; that at all times material to this suit the defendant, Loye F. Hawkins d/b/a Airport Service Center, was in the relationship of a bailee to Hertz Corporation and, therefore, liable to Hertz for the negligent acts of his employee, Kalmback, in the negligent operation of Hertz’ automobile.
On February 4, 1965, the circuit judge entered a final judgment in favor of The Hertz Corporation and against the defendant, Loye F. Hawkins d/b/a Airport Service Center, in the sum of $6,486.57, which said judgment was satisfied of record the 4th day of May, 1965, and recorded May 10, 1965.
In the current suit between Auto-Owners Insurance Company and Atlantic National Insurance Company, the Auto-Owners Insurance Company had a liability policy covering Loye F. Hawkins doing business as Airport Service Center, while the appellee, Atlantic National Insurance Company had a policy for liability insurance covering Hertz Corporation. Thus, the liability of Auto-Owners Insurance Company would be *331 based on the liability of Loye F. Hawkins d/b/a Airport Service Center, while the liability of the Atlantic National Insurance Company would be based upon the liability of The Hertz Corporation. The liabilities of Auto-Owners Insurance Company and Atlantic National Insurance Company had already been determined in favor of the Atlantic National Insurance Company in the suit brought by The Hertz Corporation against Loye F. Hawkins d/b/a Airport Service Center, said suit being determined in favor of The Hertz Corporation. The Auto-Owners Insurance Company, who brought this current suit seeking a declaratory judgment against Atlantic National Insurance Company, is actually attempting to appeal the prior law suit between The Hertz Corporation and Loye F. Hawkins d/b/a Airport Service Center.
The lower court, in its final judgment, held that' the terms “other insurance” contained in both policies nullified each other and that Auto-Owners Insurance Company’s claim for reimbursement on a prorated basis in accordance with the applicable limit of liability theory was denied.
Atlantic National Insurance Company, in its answer to the complaint of Auto-Owners Insurance Company, filed a Fourth Defense in which it states:
“Plaintiff is barred and estopped by judgment from maintaining this suit in that final judgment against said plaintiff, through its insured, has been entered in favor of the defendant, through its insured, by order of the Circuit Court of the Sixth Judicial Circuit of the State of Florida awarding to said defendant the exact sum of damages claimed by plaintiff in this cause plus certain costs and attorney’s fees of said defendant incurred in the litigation mentioned and alleged in the complaint, said final judgment being recorded on February 5, 1965, in OR Book 2094 at page 485 and satisfaction of final judgment having been executed by defendant herein on May 4, 1965 and being recorded on May 10, 1965, in OR Book 2153 at page 140.”
The lower court did not comment on this Fourth Defense, which defense we think is sufficient, in itself, for an affirmance of this case.
We conclude that this Fourth Defense precluded Auto-Owners Insurance Company from receiving any contributions from the Atlantic National Insurance Company. Therefore, the lower court was correct in entering its final judgment in favor of Atlantic National Insurance Company, a Florida corporation.
Affirmed.
ALLEN, Acting C. J., and PIERCE and HOBSON, JJ., concur.