258 So.2d 310 (1972)
COSMOPOLITAN MUTUAL INSURANCE COMPANY, Appellant,
v.
EDEN ROC HOTEL et al., Appellees.
No. 71-664.
District Court of Appeal of Florida, Third District.
February 22, 1972.
Rehearing Denied March 15, 1972.
*311 Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellant.
Preddy, Haddad, Kutner & Hardy, and William R. Alvin, Miami, for appellees.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PEARSON, Judge.
This appeal is from a final judgment requiring the Cosmopolitan Mutual Insurance Company to pay a pro rata contribution for the payment of a loss incurred by the insured hotel. Although the suit was brought by the hotel, its rights had been assigned to another insurance company, United States Liability Insurance Company, which had paid the loss incurred after trial and upon threat of levy against the hotel. The hotel assigned its rights under its insurance policy with Cosmopolitan to United States Liability. The trial judge found, after a non-jury trial concerning the issue of coverage, that contribution was proper. Judgment was entered for the Eden Roc Hotel in the amount of $39,947.10 with interest, costs, and attorney's fees. Cosmopolitan has appealed.
The appellant has brought forward three questions as points on appeal.
I
"Whether an insurance carrier which provides liability insurance coverage for an agent as well as the principal can obtain contribution from another insurer that provides duplicate coverage only for the principal.
II
"Did the trial court err in holding that the pleadings and final judgment rendered in a common law personal injury suit against a principal estop it in a subsequent action from seeking indemnity from its agent, an alleged active tortfeasor, who was not a party to the original suit?
III
"Where two insurance carriers provide duplicate liability insurance coverage to a common insured, can the insurer which defends and pays a judgment on behalf of the common insured recover statutory attorneys' fees from the other carrier that did not defend but was required to contribute its pro rata share?"
In order to discuss the first point, a brief history of the facts which led to this present suit must be set out. On April 16, 1967, one Stephanie Buchman, a minor and a guest of the Eden Roc, while swimming in the ocean in front of the hotel premises, was struck and injured by a motor boat owned by Sakrais Corporation and operated by its employee. Sakrais was a licensee of the hotel for the purpose of carrying on a motor boat rental concession.
Later in 1967, Stephanie Buchman, joined by her father, commenced suit in Federal court against Eden Roc, Sakrais, and the latter's employee. Among other things, the suit alleged that one Martin Redstone, an agent and servant of Sakrais, negligently operated the corporation's boat so that it struck Stephanie Buchman. United States Liability, by its counsel, undertook the defense of Eden Roc, Sakrais and the employee. Cosmopolitan was aware of this suit and was called upon to defend the suit, but it requested that the suit be defended by United States Liability which defended the suit until it was voluntarily dismissed.
In 1968, Stephanie Buchman and her father instituted another suit in the Circuit Court of Dade County, Florida, naming Eden Roc as the sole defendant. Upon being notified of suit, Cosmopolitan again called upon United States Liability to defend and the latter consented. As a result of this agreement, United States Liability assumed Eden Roc's defense but nevertheless *312 made demands upon Cosmopolitan to contribute to the defense and pay its pro rata share of a settlement or judgment.
Before trial and during settlement negotiations, counsel for United States Liability sought permission from Eden Roc to admit liability and try the case on damages. Eden Roc refused to admit liability. As a result, defense counsel requested that Cosmopolitan give its permission to admit liability, to which request Cosmopolitan responded affirmatively. The case was tried before a jury on an admission of liability and resulted in a total judgment in the sum of $55,925.99.
Subsequent to the entry of final judgment, United States Liability demanded that Cosmopolitan pay 5/7ths of the judgment but Cosmopolitan refused to respond. Upon the threat of levy of execution on Eden Roc's assets, United States Liability paid the judgment. Thereafter, Eden Roc assigned its alleged right of action against Cosmopolitan to United States Liability.
The appellant, Cosmopolitan, urges: (1) Sakrais was the active tort feasor. (2) In the absence of insurance Eden Roc would be entitled to indemnity from Sakrais. (3) Therefore, the insurer for Sakrais should bear the entire loss. To support this line of reasoning, appellant relies upon the holding in several automobile negligence cases, notably Auto-Owners Insurance Company v. Atlantic National Insurance Company, Fla.App. 1968, 207 So.2d 329, and Continental Casualty Co. v. Phoenix Construction Co., 1956, 46 Cal.2d 423, 296 P.2d 801.
It should be pointed out that appellant does not contend that it did not insure the hotel for the loss. Further, it does not contend that any provision in its policy declared its coverage to be excess in the event of other insurance. Both policies were primary insurance. The question of liability of the hotel for the loss had already been determined at the time the suit for contribution was brought. But appellant's argument overlooks the fact that the complaint of the injured party in the Dade County Circuit Court alleged negligent acts of appellant's insured, Eden Roc. Sakrais, now labeled "the active tortfeasor," was not named as a defendant in that suit. Appellant was notified of the accident soon after it occurred. When suit was filed against Eden Roc, demand was made upon appellant to provide a defense. It is a well-settled principle that where an insurer is obliged to defend its insured and pay damages in its behalf, and the carrier, is duly notified of the suit against its insured and full opportunity is afforded to defend the action, yet it refuses to do so, then the judgment will be conclusive against the insurer. Coblentz v. American Surety Company of New York, 416 F.2d 1059 (5th Cir.1969); Westinghouse Electric Corp. v. J.C. Penney Co., Fla.App. 1964, 166 So.2d 211. The trial judge correctly determined that the appellant should not now be able to relitigate the issue of negligence either as to its existence or as to the "active-passive" nature of that negligence.
We think that this principle answers both appellant's first and second points. In reference to its second point, appellant urges the additional evidentiary factor that in the contract between Sakrais and Eden Roc, Sakrais agreed to indemnify Eden Roc for any claim occasioned by Sakrais' operation of its boats. The trial court found that the indemnity agreement was not applicable because it did not cover the factual situation where Eden Roc was itself negligent. This fact was established in the judgment against Eden Roc for the injured party. Cf. Nat Harrison Associates, Inc. v. Florida Power & Light Co., Fla.App. 1964, 162 So.2d 298.
The third point urges that the attorney's fees provided by F.S.A. § 627.0127 were not chargeable in this suit because the suit was in reality an action by one insurance company against another. While the proposition in the second half of the sentence is certainly true, the trial court nevertheless *313 correctly determined that F.S.A. § 627.0127 was applicable in the present circumstances. The suit was in the name of the insured. It was to enforce the insured's insurance contract with the appellant. The statutory fee has been held applicable under these circumstances. Lumbermens Mutual Casualty Company v. Renuart-Bailey-Cheely Lumber & Supply Co., 392 F.2d 556 (5th Cir.1968); Feller v. Equitable Life Ass. Soc., Fla. 1952, 57 So.2d 581; American Bankers Insurance Company v. Benson, Fla.App. 1971, 254 So.2d 851; Gulf Life Insurance Company v. Urguiaga, Fla.App. 1971, 251 So.2d 904.
Affirmed.