285 So.2d 684 (1973)
CENTRAL MUTUAL INSURANCE COMPANY, Appellant,
v.
MICHIGAN MUTUAL LIABILITY COMPANY, Appellee.
No. 73-311.
District Court of Appeal of Florida, Third District.
October 24, 1973.
Rehearing Denied December 7, 1973.
*685 Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellant.
Horton & Perse, Welsh & Carroll, Miami, Parkhurst & LaHurd, Fort Lauderdale, for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HENDRY, JJ.
CHARLES CARROLL, Judge.
This appeal challenges an order for payment of an attorney's fee by one insurance company to another insurance company, incident to ordering pro rata contribution by two insurers, of an uninsured motorist claim for which both insurers had supplied coverage.
The claimants were insured under an automobile liability policy issued by Central Mutual Insurance Company, with uninsured motorist coverage. When injured they were in an automobile, the owner of which was similarly insured by Michigan Mutual Liability Company. The claim was for injury caused by a third party, an uninsured motorist. Each insurer filed an action for declaratory judgment relating to coverage. The cases were consolidated.
The litigation between the insurers was as to whether one was liable to the exclusion of the other, or whether the loss payment was to be pro rated.
Central settled with its insureds for $4,750, which included $500 attorney's fee. The claimants made no claim for attorney's fees from the other insurer, Michigan. On final hearing the court ruled that the coverage should be pro rated between the two insurers, pursuant to Allstate Insurance Co. v. Dairyland Insurance Co., Fla. 1972, 271 So.2d 457. By a separate judgment entered on the motion of Michigan against Central for attorney's fee, the court entered judgment in favor of Michigan against Central for an attorney's fee in the amount of $1,500.
Section 627.428(1) Fla. Stat., F.S.A. directs the trial court to "adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had," upon the entry of a judgment "against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer." [Emphasis added.]
The attorney's fee allowance here was not one authorized or directed by the statute.[1] Michigan was not a party to the contract of insurance issued by Central. Michigan was not "an insured or the named beneficiary" under the Central policy. The insured claimants were not concerned in the outcome of the actions prosecuted by the two insurers.
Reversed.
NOTES
[1] This is not a case for the enforcement of a claim of an insured under a policy, by an assignee of the insured or by another in the name of the insured. Cf. Cosmopolitan Mutual Ins. Co. v. Eden Roc Hotel, Fla.App. 1972, 258 So.2d 310; All Ways Reliable Building Maintenance, Inc. v. Moore, Fla. 1972, 261 So.2d 131.