355 So.2d 859 (1978)
Bryan Allen SMITH and American Bankers Insurance Company of Florida, Appellants,
v.
Edward CONLON, Geraldine Conlon and Allstate Insurance Company, Appellees.
No. 77-1986.
District Court of Appeal of Florida, Third District.
March 7, 1978.
Helliwell, Melrose & DeWolf and William E. Sadowski, Miami, for appellants.
Weissenborn, Hyman & Burr, Miami, for appellees.
Before PEARSON, NATHAN and KEHOE, JJ.
NATHAN, Judge.
This is an interlocutory appeal by Bryan Allen Smith and American Bankers Insurance Company of Florida, defendants/cross-plaintiffs, from an order denying a motion for attorneys fees against defendants/cross-defendants Edward Conlon, Geraldine Conlon and Allstate Insurance Company, in an action stemming from an automobile accident.
A complaint was filed by Randy Reyes, not a party to this appeal, seeking damages for personal injuries against the defendants, Bryan Allen Smith, the driver of the car; American Bankers Insurance Company of Florida, Smith's insurer; Edward Conlon, the owner of the car; Geraldine Conlon, Edward's wife, who allegedly gave *860 Smith permission to drive the car; and Allstate Insurance Company, the Conlons' insurer. Allstate denied liability on the grounds that Smith did not have permission to drive the Conlons' car. Smith and American Bankers filed a cross-claim seeking a declaratory judgment that Smith was covered by the Allstate policy and that Allstate should defend the case. The cross-claim included a demand for attorneys fees.
Following a one and one-half day jury trial on the cross-claim, the jury rendered a verdict finding that Smith did have permission to drive the Conlons' car, and that Smith is covered under the Conlons' Allstate policy. Smith and American Bankers renewed their demand for attorneys fees by motion. Subsequently, the trial judge entered final judgment on the verdict declaring that Smith was a covered insured under the Allstate policy and that Allstate was obligated to defend Smith. Jurisdiction to determine entitlement to and amount of attorneys fees was reserved. Following another hearing, the judge entered an order denying the motion for attorneys fees, ruling that Smith and American Bankers
"... are not entitled to Attorney's Fees against the Crossdefendants, EDWARD CONLON, GERALDINE CONLON and ALLSTATE INSURANCE COMPANY and the Motion for Attorney's Fees is hereby denied." (emphasis added)
This interlocutory appeal ensued.
The record reflects that the claim for attorneys fees in the trial court was predicated upon Section 627.428, Florida Statutes (1975), which provides that,
"Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had."
Pursuant to this statute, then, Smith would be "entitled" to attorneys fees since a judgment had been entered against Allstate and in favor of Smith as an insured under the policy issued by Allstate to the Conlons. Therefore, we hold that the trial court erred in ruling that Smith was not entitled to attorneys fees, and we reverse the final judgment in that respect.
However, we find that the trial court was correct in ruling that American Bankers is not entitled to attorneys fees as it is neither an insured, nor a beneficiary as contemplated by Section 627.428, supra. Central Mutual Insurance Company v. Michigan Mutual Liability Company, 285 So.2d 684 (Fla.3d DCA 1973).
Accordingly, the order on motion for attorneys fees is affirmed in part and reversed in part. The cause is remanded to the trial court with instructions to modify the order to reflect that Smith is "entitled" to attorneys fees, and for a determination of the amount of fees incurred by him, if any.
Affirmed in part, reversed in part and remanded.