366 So.2d 1266 (1979)
John H. JONES, for the Use and Benefit of State Farm Fire and Casualty Company, Appellant,
v.
Lawrence Raymond BRADLEY and Standard Guaranty Insurance Company, Appellees.
No. 77-2157.
District Court of Appeal of Florida, Fourth District.
February 7, 1979.
Peter M. Evans of Weathers & Narkier, P.A., West Palm Beach, for appellant.
Margarie D. Gadarian of Jones, Paine & Foster, West Palm Beach, for appellee-Standard Guaranty Ins. Co.
DOWNEY, Chief Judge.
John H. Jones was injured in an accident with Raymond Bradley. Jones sued Bradley and his insurer, Standard Guaranty Insurance Company. Standard asserted as a defense that it afforded Bradley no coverage for this accident because it was not notified of the accident some year and one half earlier. Summary judgment was entered for Standard and against Jones.
Jones then made a claim against State Farm Fire & Casualty Company, apparently for uninsured motorist coverage and was paid $14,750 plus $1,783.95 in Personal Injury Protection benefits. Thereupon Jones, for the use and benefit of State Farm Fire & Casualty Company, instituted this suit against Bradley and Standard Guaranty Insurance Company. Standard affirmatively pleaded the same lack of coverage defenses it had earlier asserted and in addition asserted the defense of res judicata and estoppel by judgment. Summary judgment was entered against Jones and State Farm and in favor of Standard. It is that judgment which appellants seek to overturn by this appeal.
The sole point presented by appellants is: Whether a defendant in a prior lawsuit may successfully rely on the doctrine of res judicata in a subsequent lawsuit where the plaintiff was not a party in the prior lawsuit.
In support of the foregoing point appellant points to the criteria necessary to maintain the defense of res judicata: 1) identity in the thing sued for; 2) identity of the cause of actions; 3) identity of the persons and parties to the actions; and 4) identity of the quality and capacity of the person for or against whom the claim is made.[1] Obviously, the thrust of appellant's argument concerns category number three, *1267 "identity of the persons and the parties to the actions." All other criteria are clearly met.
It must be conceded that the plaintiff in the first action was not identical to the plaintiff in the second. Jones sued individually for his injuries in the first suit and he proceeds for the use and benefit of State Farm in this second action. But the term parties as used in the doctrine of res judicata includes parties and their privies,[2] and privies in this context means persons identified with a litigant in interest.[3]
Turning now to the determination of whether State Farm is in privity with its insured Jones so as to make the judgment against Jones in the first suit binding against State Farm in this suit, we need to determine the status which State Farm occupies vis-a-vis its insured and the tortfeasor Bradley and Standard Guaranty Insurance Company.
The complaint in this case alleges that State Farm, having paid Jones the damages he incurred as a result of Bradley's negligence, is subrogated to Jones' rights against Bradley. Thus, as a subrogee, State Farm stands in the shoes of its subrogor and is entitled to all of the rights of its subrogor but also suffers all of the limitations thereunto appertaining. As the Supreme Court of Alabama said in Crutchfield v. Johnson & Latimer[4]:
A person entitled to subrogation must work through the creditor whose rights he claims. He stands in the shoes of the creditor and is entitled to the benefit of all the remedies of the creditor and may use all means which the creditor could to enforce payment.
* * * * * *
But he can only enforce such rights as the creditor could enforce, and must exercise such rights under the same conditions and limitations as were binding on the creditor, and hence, can be subrogated to no greater rights than the one in whose place he is substituted. (cites omitted)
It could not be seriously contended that Jones individually could maintain a second suit involving this identical cause of action in view of the doctrine of res judicata. Nor can Jones' subrogee do so since the subrogee is bound by the same limitations as is Jones.
In Carper v. Montgomery Ward & Co., 123 W. Va. 177, 13 S.E.2d 643 (1941), Carper's home had been damaged by a furnace negligently installed by Montgomery Ward. Carper sued Ward for the use and benefit of her insurance carrier. Ward asserted the defense of res judicata, alleging that Carper had recovered judgment against Ward for the same damages in a prior action. When this defense was held good the case was appealed. The Supreme Court of West Virginia recognized the four requirements (earlier mentioned in this opinion) for application of the doctrine of res judicata but held the facts presented in that case fulfilled all of those requirements. With reference to the identity of parties plaintiff in the two suits the court said:
We think also that they set forth an identity of parties to the action, as well as identity of the quality in the person for or against whom the claim is made. All three allege that the former action had as defendant therein the defendant in this action; and the fact that the former action was brought by plaintiff in her own right and this action as assignor for the use and benefit of the insurance company does not destroy the identity of party plaintiff in both actions. (Id. 13 S.E.2d at 645).
Similarly, in Auto-Owners Insurance Company v. Atlantic National Insurance Company, 207 So.2d 329 (Fla. 2d DCA 1968), the Hertz Corporation turned one of its automobiles over to Hawkins for servicing. While the automobile was in Hawkins' control *1268 it was involved in an accident injuring several people. The injured parties sued Hertz and Hawkins and recovered a judgment. Hertz then successfully sued Hawkins for indemnity. Hawkins was insured by Auto-Owners and Hertz by Atlantic National. Auto-Owners brought a suit against Atlantic National for declaratory judgment to determine the respective rights of the parties. Atlantic National pleaded among other defenses that of res judicata.
The District Court of Appeal affirmed a judgment for Atlantic National based upon the defense of res judicata because it concluded the liability of Auto-Owners was based upon the liability of Hawkins and Atlantic National's liability was based upon that of Hertz. As between the two insureds their respective rights had already been determined. Thus, Auto-Owners was liable because Hawkins was liable and the issue could not be relitigated in a new suit by Auto-Owners against Hertz's carrier, Atlantic National.
The final case we would mention is Gould v. Weibel, 62 So.2d 47 (Fla. 1952). Although the case involved a "loan receipt" as opposed to a subrogation claim, some of its language may be helpful here. The defendant therein had moved to require the plaintiff's insurance carrier to be made a party plaintiff since the carrier had loaned plaintiff an amount equal to his damages and taken back a loan receipt. The trial court required such joinder but the Supreme Court on appeal held that to be error. In commenting on the absence of any necessity to have the carrier as a party the court said:
No contention is here made that the substantive rights of the defendant will be prejudiced by the failure to join the insurers as parties plaintiff, nor that the defendant will be subjected to a second claim for the one wrong; and, indeed, such contentions could not be sustained. The judgments in the instant suits will be final and conclusive and will bar any further action on the same claim by either the plaintiffs or the insurers, even though the insurers had not been joined as parties plaintiff. (Id. at 49).
Therefore, inasmuch as it is clear Jones could not bring this suit individually and as appellant is subrogated to Jones' rights and limitations it follows that appellant is in privity with Jones. Thus, the defense of res judicata precludes appellant from bringing the second suit and the trial court was correct in entering a summary judgment for Appellee-Standard Guaranty Insurance Company. Accordingly, the judgment appealed from is affirmed.
CROSS and LETTS, JJ., concur.
NOTES
[1] 19 Fla.Jur. Judgments and Decrees, § 111.
[2] Ibid. § 154.
[3] Ibid. § 156.
[4] 243 Ala. 73, 8 So.2d 412, 414 (1942).