## DONALD HILLEGAS, etc. v KETCHIAN
### Case No. 86-381-CC-12
County Court, Volusia County
October 21, 1986

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the defendant's Motion for Summary Judgment upon the grounds of res judicata.

On May 28, 1985 the plaintiff Donald Hillegas, individually, filed a law suit against the defendant seeking to recover damages as a result of an automobile accident between Mr. Hillegas and the defendant, (*Hillegas v. Ketchian*, Case #85-1727-SP-12, Volusia County Court).

In his statement of claim, the plaintiff specifically excluded a claim for damages to his automobile, alleging that his insurance company

paid for collision damage. However, the plaintiff sought recovery for "cab fare after the accident & tip, four round trips to Daytona Beach from residence, glasses broken in accident, police report copies, additional copies, long distance phone calls, car rental, air line ticket for wife to return to work as scheduled, inconvenience and separation costs, all in the amount of $1,417.99."

The defendant filed an answer, denying the claim for damages sought by Mr. Hillegas and filed a counter-claim seeking damages to the defendant's automobile as a result of the negligence of Mr. Hillegas.

Mr. Hillegas failed to file an answer to the counter-claim, but the case proceeded to trial. At the trial Mr. Hillegas introduced into evidence an estimate of costs of repair to his automobile, photographs of his damaged vehicle and other invoices proving up his damages. The defendant offered in evidence, a copy of the estimate of costs for the repair to his automobile.

There was no court reporter present at the trial to record and transcribe the testimony of the witnesses, and the court has no independent recollection of the testimony of the witnesses. The court can only surmise that the defendant was solely negligent in causing the accident and therefore could not recover on his counter-claim but that since the plaintiff did not seek recovery of damages to his automobile, although he might have done so, (See *Caldwell v. Mass. Bonding & Ins. Co.*, 29 SO. 2d 694) entered a judgment in favor of the plaintiff for $929.06, to cover primarily the costs of his broken eyeglasses and car rental.

In the present case, the defendant raises the affirmative defense of res judicata claiming that the plaintiff is estopped from suing for damages to Mr. Hillegas' automobile.

The Court finds that all the criteria necessary to establish the defense of res judicata have been met, to-wit: (1) Identity of the thing sued for, that is, property damage (*Anna Maria v. Miller*, 91 So. 2d 333), (2) Identity of the cause of action, that is, the same facts essential to maintain both causes of action, (*Caldwell f/u/b/o Hawkins Mass. Bonding & Insurance Co.*, (supra)), (3) Identity of parties, *Jones, f/u/b/o State Farm v. Bradley*, 366 So.2d 1266), (4) Quality of the parties, (See *Jones f/u/b/o State Farm v. Bradley* (supra)).

IT IS THEREFORE,

ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment is hereby granted.

DONE, ORDERED AND ADJUDGED in Chambers at the County Courthouse Annex, 125 E. Orange Avenue, Daytona Beach, Volusia County, Florida this 21st day of October, 1986.