SCHWARTZ, Chief Judge.
The appellee Hernandez was involved in an automobile accident with the appellant Mrs. Amador, resulting in both personal injuries and damage to Hernandez’s car. His collision carrier, Metropolitan Property and Liability Insurance Company, paid $1,374.29 for his automobile damage. Metropolitan, acting as the named plaintiff “as subrogee of Jorge Hernandez,” sued Ama-dor and others in the county court for that amount. Upon the finding that Amador was one hundred per cent negligent, it recovered the $1,374.29 claim in full against her. In the instant subsequent action for his personal injuries, Hernandez won a summary judgment on liability on the ground that the county court judgment collaterally estopped Amador from denying her responsibility. She appeals[1] and we reverse.
The determination below is, in our view, completely contrary to Rosenthal v. Scott, 150 So.2d 433 (Fla.1961), which squarely held that the rule that personal injury and property damage arising out of the same accident constitutes a single “unsplittable” cause of action, see Mims v. Reid, 98 So.2d 498 (Fla.1957); McKibben v. Zamora, 358 So.2d 866 (Fla. 3d DCA 1978), does not apply when, as here, an insurance company becomes subrogated to a claim for property damage alone. The theoretical foundation of this doctrine is quite clearly that the subrogee and the individual plaintiff are different parties so that res judicata and collateral estoppel principles, which under Florida law require an absolute identity of parties, Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla.1977); Trucking Employees of N. Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla.1984), are inapplicable. But cf. Zeidwig v. Ward, 548 So.2d 209 (Fla.1989). As applied to this situation, the Rosenthal rule, which was adopted for the very purpose of promoting the easy and speedy disposition of a relatively small collision claim without prejudicing the almost always more significant personal injury action, see Rosenthal, 150 So.2d at 438-39, dictates that the prior disposition of either of the two thus-discrete claims, cannot adversely affect the one remaining.[2],[3] Moreover, because to do so would require the directly opposite unacceptable result under another name and rationale, we cannot agree with Jones v. Bradley, 366 So.2d 1266 (Fla. 4th DCA 1979), that the subro-gated collision carrier is in “privity” with the plaintiff for collateral estoppel purposes. See Trucking Employees of N. Jersey Welfare Fund, Inc. v. Romano, 450 So.2d at 845;[4] cf. Zeidwig v. Ward, 548 So.2d at 212.
For these reasons, we hold, on the authority of Rosenthal, that the issue of liability in this case must be tried vel non in the circuit court without reference to the prior disposition of the property damage *851 action.[5] The order under review is therefore
Reversed.

. Pursuant to Fla.R.App.P. 9.110(a)(1).

. In other words, there is no principled way of distinguishing between the holding of Rosenthal that there is no split of a single cause of action in this situation (which, if not followed, would require the outright dismissal of the present case) and the conclusion that collateral estoppel, which would render the outcome of the earlier thus-held-to-be-separate action determinative of the second, likewise does not apply.

. As indicated by Rosenthal, we think it would be unfair and unrealistic to bind the defendant or her liability carrier to the adverse result of the defense of a minor property damage case in the later personal injury action. It also bears emphasis, as the appellee concedes, that, by the same token, this result in the so-called "offensive” collateral estoppel instance involved here would also apply to the opposite “defensive" situation in which the plaintiff’s carrier lost the earlier action and would thus bar the individual’s personal injury claim. Just as it is obvious that no such result would be desirable, we think it clear that under Rosenthal it is neither required nor permitted.

.A corollary to the doctrine of collateral estop-pel is the doctrine of mutuality of parties which holds that strangers to a prior litigation — those who were neither parties nor in privity with a party — are not bound by the results of that litigation. [e.s.j
Trucking Employees, 450 So.2d at 845.

. We acknowledge the existence of a direct conflict between the Jones holding that a damage insurer is a privy of the insured whose action adversely binds him or favorably inures to his benefit and our present holding that it is not. See Emmco Ins. Co. v. Bankston, 163 So.2d 24 (Fla. 3d DCA 1964).