PETERSON, J.,
dissenting.
A jury found State Farm Mutual Automobile Insurance Company, (“State Farm”), liable to its insureds, Wayne and Bonnie Cannon, after Wayne Cannon, (“Wayne”), was injured in an automobile accident with an uninsured motorist. The accident occurred when Wayne’s truck was struck by an automobile driven by the uninsured motorist, Jorge Escalona, (“Es-caloña”), as Wayne proceeded into an intersection after stopping at a stop sign. Wayne’s intent was to cross a traffic lane and turn left to proceed up a hill when Escalona’s vehicle, traveling down the hill, struck his vehicle. The collision caused Wayne’s truck to overturn and he has no memory of how the accident occurred except that he remembered seeing Escalo-na’s vehicle just before impact.
Another driver witnessed the accident. He was also driving down the hill and passed Wayne while Wayne was beginning to move into the intersection. The independent witness remarked to his wife that he hoped the driver (Wayne) did not proceed into the intersection because he could see Escalona’s vehicle, in his rear view mirror, coming down the hill behind him. The witness testified that Escalona appeared to be speeding when Wayne drove into the intersection.[1]
These facts raise the apparent issues of the comparative negligence of Wayne and Escalona and if the latter was found to be negligent, the consequential damages to Wayne. It is my view, however, that the jury’s focus was directed away from these issues due to the improper admission of a subrogation judgment against Escalona.
While the instant case was pending in the trial court, State Farm filed a subrogation claim against Escalona and the owner of the automobile driven by Escalona, in order to recoup a payment made to Wayne for property damage to the truck. Escalo-na and the owner stipulated to a final judgment in which the court found only that the two were indebted to State Farm. No finding was made on the issue of negligence. That judgment became a feature of the case between the Cannons and State Farm when State Farm filed its motion in *761 limine to preclude introduction of the sub-rogation litigation. The Cannons had requested that the trial court take judicial notice of the subrogation litigation and invited State Farm to admit liability in order to avoid the Cannons’ presentation of evidence of State Farm’s inconsistent position by seeking subrogation against Escalona for the full amount of the property damage claim paid to Wayne and by defending against Wayne’s claim by denying Escalo-na’s negligence and affirmatively alleging comparative negligence. The transcript of the trial indicates that the court ruled the subrogation judgment admissible for the purported reason that it was an admission against interest by Escalona.
The trial court’s allowance of the subro-gation judgment formed the basis for the Cannons’ argument to the jury that State Farm admitted that Escalona was totally at fault. I interpret that argument to mean that because State Farm exercised its right of subrogation against Escalona, one must conclude that State Farm admitted that Escalona was at fault to the exclusion of any comparative negligence by Wayne. Indeed, in closing arguments, Wayne’s attorney stated:
Now, State Farm has admitted in this case that Jorge Escalona was negligent, and that Jorge Escalona’s negligence caused some harm, injury or damage to Wayne Cannon.
But State Farm wants you, at least in part, and perhaps in total, to blame Wayne for this wreck. Now, this is despite the fact that we’ve shown you, by virtue of the [subrogation] judgment in this case, that State Farm was willing to utilize the system to their end.
Jorge Escalona’s negligence, the driver of the white vehicle’s negligence, damaged Wayne Cannon’s person and it damaged his property, his truck. It totaled his truck.
State Farm paid Mr. Cannon for the full damage to his truck. State Farm, at that point in time, had been harmed by Mr. Escalona. They had been forced to go in their pocket and pay money based upon Mr. Escalona’s negligence.
State Farm objected to this argument and asked for a mistrial. The court denied State Farm’s objection and motion as well as post-trial motions for a new trial and to set aside the jury verdict.
It is my view that the trial court’s admission of the subrogation judgment was improper as well as the arguments made by the Cannons’ counsel that flowed from the improper admission of the subrogation judgment. State Farm’s objection and motion for mistrial should have been granted.
An automobile liability and casualty insurer takes on many roles when it issues a policy to its insured. It is a source of comfort to an insured who is sued by another because of the insured’s negligence or when medical payments or property damages are to be paid. An insurer can also be a foe under the uninsured motorist provisions of the policy when insurer and insured cannot agree upon the fault or degree of fault and damages sustained by the insured. In the instant case, Wayne and State Farm disagreed on fault and damages. Each of them had the absolute right to do so and a review of the facts leading to the accident allows one to easily arrive at a preliminary conclusion that each of the parties to the accident shared fault. The jury found otherwise and it is my contention that the subrogation judgment and the remarks to the jury materially affected the verdict.
The uninsured motorist who has no privity with the insurer can also look upon the insurer as friend or foe. A friend when the insurer who has a legitimate defense against a claim by the insured because of *762 liability or damages issues or both is forced to assume the defenses of the uninsured motorist; or a foe when the uninsured motorist is named as a subrogation defendant after a property damage claim is paid by the insurer. Both the Cannons and Escalona found themselves to be both friend and foe of State Farm at various times in the instant case.
Should the insurer be prejudiced in assuming the role of plaintiff in a subrogation claim? The law of subrogation, the insurance contract, good business sense and lower insurance rates favor the claim against an uninsured motorist. In order to exercise the claim, an insurer’s complaint must allege the negligence of the uninsured motorist.[2] Under the majority’s affirmance in this appeal, both the uninsured motorist and the insurer must suffer the consequences of avoiding costly litigation when the uninsured motorist consented to a money judgment without any admission of liability. The consequence being the subsequent use of that judgment as an admission against interest in an uninsured motorist action brought by the insured.
Amador v. Hernandez, 548 So.2d 849 (Fla. 3d DCA 1989), makes it clear that issues of liability in a contest between an insured and a tortfeasor must be tried vel non without reference to a prior disposition of property damage in a subrogation claim. I acknowledge the rule did not arise from an evidentiary issue, but it reflects the policy of this state.
The judicial system has traveled far from the early days when the mention of an insurance carrier during a jury trial was grounds for a mistrial. It is now clear that an insured is entitled to have their uninsured/underinsured carrier specially referred to as such when the carrier is joined as a party defendant. E.g., Lamz v. Geico General Insurance Company, 803 So.2d 593 (Fla.2001). The combination of Lamz and the result reached by the majority in this appeal now makes it difficult for the insurer providing uninsured motorist coverage to enforce its subrogation rights early for fear of being penalized for being inconsistent on its views of liability of its insured.
The ultimate decision to be made by a jury is the comparative negligence of the parties to an automobile accident based upon the facts leading to the accident. The decision should not be influenced by matters occurring in an insurer’s subrogation action to recover property damages which have no relation to the damages sought by the insured.
Even if the subrogation judgment was properly admitted into evidence as an admission against interest of Escalona, the judgment should not be used as grounds for an argument that State Farm admitted that Escalona, to the exclusion of Wayne, was wholly responsible for the accident. The subrogation judgment only allows entry of a dollar amount against Escalona in favor of State Farm. There is no evidence in the record that explains the details behind the subrogation judgment. The jury had to rely solely on the Cannons’ counsel’s argument for an explanation of the purported significance of the subrogation judgment published to the jury. The resulting final judgment should be vacated and a new trial ordered that allows the jury to render a verdict based upon the facts leading to the collision and the consequential damages without being influenced by a judgment entered in the insurer’s *763 subrogation litigation as supplemented by arguments unsupported by the record.

. Inexplicably, neither side to this controversy subpoenaed Escalona for trial and he did not appear.

. I have never seen a subrogation complaint that alleges that the insured was partially at fault and seeks less than the full amount of the property damage. Allegations of negligence on the part of the insured are made in affirmative defenses by the defendant.